UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Mercury Rents, Inc. | Civil Action No. 6:16-CV-1741 |
| versus | Judge Robert G. James |
| Crenshaw Enterprises, LLC, d/b/a Tiger Industrial Rentals | Magistrate Judge Carol B. Whitehurst |

### REPORT AND RECOMMENDATION

Pending before the Court are: (1) a Motion to Dismiss, or Alternatively, Motion to Transfer Venue, filed by Defendant Crenshaw Enterprises, LLC, d/b/a Tiger Industrial Rentals ("Tiger Industrial") (Doc. 8); (2) a Motion for Leave to File First Supplemental, Amended, and Restated Complaint, filed by Plaintiff Mercury Rents, Inc. ("Mercury Rents") (Doc. 19); (3) Mercury Rents' Memorandum in Opposition to Tiger Industrial's motions (Doc. 21); (4) Tiger Industrial's Reply (Doc. 24); and (5) Tiger Industrial's Memorandum in Opposition to Mercury Rent's motion (Doc. 25). For the following reasons, the undersigned recommends that Tiger Industrial's Motion to Dismiss be GRANTED, that Tiger Industrial's Motion to Transfer Venue be DENIED as MOOT, and that Mercury Rent's motion to amend be DENIED.

### *I. Background*

Mercury Rents has filed suit seeking to recover damages, alleging that it agreed to lease two pieces of equipment known as "mud buckets" to Tiger Industrial. (Doc.

1-2 at ¶ 3.) According to the complaint, Tiger Industrial "is a Texas partnership registered to do and doing business in the State of Louisiana, with a registered agent for service in the state of Louisiana." (Doc. 1-2 at ¶ 1.)

Mercury Rents alleges in the complaint that: (1) it properly and timely shipped two brand new mud buckets to Tiger Industrial for the purpose of leasing them to Tiger Industrial; (2) despite the lease agreement and proper invoices for rent, Tiger Industrial failed to pay rent for either mud bucket; (3) Tiger Industrial subsequently returned one of the mud buckets to Mercury Rents; and (4) Tiger Industrial informed Mercury Rents in an email that it could not locate the other mud bucket. (Doc. 1-2 at ¶¶ 3, 5, 7-8.) Mercury Rents seeks relief in the form of damages for all past due rents owed and either return of the mud bucket lost while in Tiger Industrial's control or the costs of its replacement. (Doc. 1-2 at ¶¶ 6, 11.)

## II. *The Parties' Motions and Responses*

Tiger Industrial has filed a Motion to Dismiss, or Alternatively, Motion to Transfer Venue. (Doc. 8.) Pursuant to Federal Rule of Civil Procedure 12(b)(2), Tiger Industrial asserts that this action should be dismissed for lack of personal jurisdiction over it as a non-resident defendant. (Doc. 8-1 at pp. 3-8.). Tiger Industrial contends that: (1) it is a Texas company; (2) its "contacts with the State of

Louisiana do not rise to a level that could justify the exercise of personal jurisdiction over the company in this manner under either [] general or specific jurisdiction"; and (3) the allegations of extensive contacts with Louisiana, as alleged in the proposed amended complaint, "are far from sufficient to establish that Tiger Industrial is essentially 'at home' in Louisiana." (Doc. 8-1 at p. 5; Doc. 24 at p 3.)

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Tiger Industrial further seeks dismissal on the basis that venue is improper. (Doc. 8-1 at pp. 8-9.) Tiger Industrial contends that it is not a Louisiana company and that no substantial part of the event or omissions giving rise to Mercury Rents' claim occurred in Louisiana. (Doc. 8-1 at 9; Doc. 24 at 6.) Should the Court deny its motion to dismiss, Tiger Industrial asserts that, pursuant to 28 U.S.C. § 1404(a), this action should be transferred to the United States District Court for the Eastern District of Texas for the convenience of the parties and witnesses. (Doc. 8-1 at pp. 10-11; Doc. 24 at p. 6.)

Pursuant to Federal Rule of Civil Procedure 15(a), Mercury Rents seeks Court leave to amend and supplement its complaint in order to: (1) include allegations concerning jurisdiction and venue; (2) amend its references to Tiger Industrial; and (3) to add an express theory of recovery. (Doc. 19 at ¶ 3; Doc. 19-2 at pp. 1-3.) Tiger Industrial opposes as futile Mercury Rent's motion for leave to amend. (Doc. 25.)

Mercury Rents has also filed a Memorandum in Opposition to Tiger Industrial's motions. (Doc. 21.) Mercury Rents contends that, pursuant to Tiger Industrial's contacts as alleged in its proposed amended complaint, Tiger Industrial "has established and maintain[ed] extensive systematic and continuous business presence in Louisiana." (Doc. 21 at p. 17.) According to Mercury Rents, therefore, "Tiger [Industrial's] business presence in Louisiana is more than sufficient for this Court to exercise general jurisdiction over [Tiger Industrial]." (Doc. 21 at p. 17.) Mercury Rents further contends that Tiger Industrial cannot meet its burden to show that the exercise of personal jurisdiction over Tiger Industrial would violate traditional notions of fair play and substantial justice. (Doc. 21 at pp. 18-21.)

Next, because Tiger Industrial is subject to personal jurisdiction in this Court, Mercury Rents contends that Tiger Industrial is deemed to be a resident of this district. (Doc. 21 at pp. 21-22). Thus, according to Mercury Rents, venue is proper in this Court. (Doc. 21 at p. 22.) Lastly, Mercury Rents asks this Court to deny Tiger Industrial's alternative motion to transfer this action because Tiger Industrial "cannot meet its stringent burden to show this venue is not so inconvenient that Mercury [Rents] should be denied its privilege of choosing its home forum for this matter." (Doc. 21 at p. 23.)

## III.  Discussion

### A.     *Mercury Rent's Motion to Amend*

Pursuant to Rule 15(a), Mercury Rents seeks Court leave to amend and supplement its complaint in order to: (1) include allegations concerning jurisdiction and venue; (2) amend its references to Tiger Industrial; and (3) to add an express theory of recovery.  (Doc. 19 at ¶ 3; Doc. 19-2 at pp. 1-3.)  In its proposed amended complaint, Mercury Rents seeks to establish this Court's general jurisdiction based on the following allegations of extensive, systematic, and continuous contacts with the State of Louisiana:

- a.  Tiger [Industrial] has maintained locations in Sulphur, Louisiana, and Shreveport, Louisiana, for many years, from which it conducts business;

- b.  Tiger [Industrial] has leased immovable property in the State of Louisiana for many years, including property located in Sulphur, Louisiana;

- c.  Tiger [Industrial] represents that it maintains other business locations in the State of Louisiana, including Broussard, Louisiana; Intracoastal City, Louisiana; Cameron, Louisiana; Fourchon, Louisiana, and Venice, Louisiana;

- d.  Tiger [Industrial] has stationed employees in the State of Louisiana for many years;

5

e. Tiger [Industrial] regularly transacts business with customers and clients in the State of Louisiana, with such business constituting at least 4% of Tiger [Industrial's] total income;

f. Tiger [Industrial], through its website and other marketing materials, solicits business from customer in the State of Louisiana;

g. Tiger [Industrial] has been registered to do business in the State of Louisiana since March 16, 2007;

h. Tiger [Industrial] has a registered agent for service in the State of Louisiana;

i. Tiger [Industrial's] trade name has been registered with the Louisiana Secretary of State since May 7, 2007, and has been in use in Louisiana since February 1, 2007;

j. Tiger [Industrial] pays taxes to the government of the State of Louisiana;

k. Tiger [Industrial] regularly attends a trade show held biannually in Lafayette, Louisiana.

(Doc. 19-1 at ¶ 2.)

Rule 15(a) provides in pertinent part that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend generally should be granted absent some justification for refusal such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371

U.S. 178, 182 (1962). *See also Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). A district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, LP*, 620 F.3d 465, 468 (5th Cir. 2010).

Tiger Industrial opposes Mercury Rent's motion to amend as futile. (Doc. 25 at p. 2.) Even assuming that the proposed amended complaint sufficiently describes Tiger Industrial's contacts with Louisiana, Tiger Industrial argues that such contacts are insufficient to establish personal jurisdiction. (Doc. 25 at p. 2.) For the reasons discussed below in connection with Tiger Industrial's motion to dismiss, the Court concludes that Mercury Rent's proposed amendments fail to confer personal jurisdiction and are, therefore, futile. Accordingly, its motion for leave to amend (Doc. 19) should be denied.

**B.    *Tiger Industrial's Motion to Dismiss for Lack of Personal Jurisdiction***

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *721 Bourbon, Inc. v. House of Auth, LLC*, 140 F. Supp. 3d 586, 591 (E.D. La. 2015) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "When a nonresident defendant moves the court to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the

plaintiff bears the burden to show that personal jurisdiction exists." *Id*. (*citing Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002)). "When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the nonmoving party need only make a *prima facie* showing; '[p]roof by a preponderance of the evidence is not required.'" *Id*. (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)).

The allegations of the complaint, except where controverted by opposing affidavits, must be taken as true, and all factual disputes must be resolved in favor of plaintiffs. *Id*. (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). "In making its determination, the Court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id*. (citing *Revell*, 317 F.3d at 469).

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Id*. at 591-92 (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). Louisiana's long-arm statute permits the exercise of personal jurisdiction over a non-resident who acts directly or by an agent, as to a cause of action arising from "[m]anufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of

commerce, the manufacturer could have foreseen, realized, expected, or anticipated that he product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices" or " on any basis consistent with the constitution of this state and the Constitution of the United States." LA. REV. STAT. § 13:3201 *et seq*. Because Louisiana's long-arm statute extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal due process requirements. *721 Bourbon*, 140 F.3d at 592 (citing *Dickson Marine Inc. v. Panalpina, Inc*., 179 F.3d 331, 336 (5th Cir. 1999)).

The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (citing *Shaffer v. Heitner*, 433 U.S. 186, 207 (1977)). To determine whether due process permits the exercise of personal jurisdiction, the Court asks whether two requirements are met. *Eddy v. Printers House (P) Ltd.*, 627 F. App'x 323, 326 (5th Cir. 2015). First, the nonresident defendant must have "purposefully availed [itself] of the benefits and protections of the forum state by establishing ˜minimum contacts' with the forum state." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). Second, the exercise of jurisdiction over that defendant must not offend 'traditional notions of fair play and substantial justice." *Id*.; *Mink v. AAAA Dev. LLC*, 190 F.3d

333, 335 (5th Cir. 1999). If either of these requirements is not satisfied, a district court may not exercise personal jurisdiction over the nonresident defendant. *Eddy*, 627 F. App'x. at 326.

While ostensibly reserving its right to assert specific jurisdiction later, Mercury Rents makes no argument that specific jurisdiction exists in this case. (*See* Doc. 21 at p. 7 n. 2.) Indeed, Mercury Rent's allegations in its proposed first amended complaint are strictly confined to whether the Court has general and not specific jurisdiction. (*See* Doc. 19-1 at ¶ 2.) Thus, the Court's inquiry focuses on whether Tiger Industrial had sufficient contacts with Louisiana to support the exercise of general jurisdiction.

A court may assert general jurisdiction over foreign defendants "to hear any and all claims against them." *Goodyear Dunlop Tires*, 564 U.S. 915, 919. In *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the Supreme Court recently considered and clarified the requirements for establishing general jurisdiction. The Supreme Court explained that the proper consideration when determining general jurisdiction is "whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Id.* at 761 (quoting *Goodyear*, 564 U.S. at 919).

The *Daimler* Court rejected the notion that a nonresident defendant is subject to general jurisdiction "in every State in which the corporation engages in a substantial, continuous, and systematic course of business," finding such an approach "unacceptably grasping." *Daimler*, 134 S. Ct. at 761. Rather, the Supreme Court held that for a corporation, "the place of incorporation and principal place of business" are where it is "at home" and thus paradigm bases for jurisdiction. *Id.* The Daimler Court further stated that it "[did] not foreclose the possibility that in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature to render the corporation at home in that state." *Id.* at 762 n. 19.

In determining whether a corporation's affiliations with a state are sufficient to impose general jurisdiction, the inquiry does not turn solely on "the magnitude of the defendant's in-state contacts." *Id.* at 762 n. 20. Rather, a court must appraise the "corporation's activities in their entirety, nationwide and worldwide." *Id.* Following *Daimler*, the Fifth Circuit has observed that "[i]t is incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd., v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). "The fact that an entity is registered to do business in a forum State and maintains an agent for service of process in a forum State is insufficient to establish general

11

jurisdiction. *Gulf Coast Bank and Trust Co. v. Designed Conveyor Systems, LLC*, No. 16-412, 2016 WL 4939113, at *3 (M.D. La. Sep. 14, 2016) (citing *Wenche Siemer v. The Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992) and *DNH, L.L.C v. In-N-Out Burgers*, 381 F. Supp. 2d 559, 565 (E.D. La. 2005)).

Along with advancing similar allegations in its proposed amended complaint, Mercury Rents has submitted evidence that Tiger Industrial maintains systematic and continuous contacts with Louisiana based on: (1) maintaining multiple locations throughout Louisiana (Doc. 21-1 at pp. 21, 35-39, 114);[1] (2) maintaining at least three employees at its Sulphur Louisiana location, including a supervisor (Doc. 21-1 at p. 30); (3) transacting business with various Louisiana companies and customers, which accounted for approximately 4% of its total revenue from January-November 2015. (Doc. 21-1 at pp. 17, 33, 50-52); (4) soliciting business from Louisiana customers through Tiger Industrial's website (Doc. 21-1 at 24-28, 66-71); (5) registering for business in Louisiana and maintaining a registered agent for service in Louisiana (Doc. 21-1 at 52-53, 121); (6) registering its trade name with the

---

[1] Stephen Mouton, Tiger Industrial's general manager, testified that two locations in Sulphur and Shreveport, Louisiana, were maintained by Tiger Industrial and that the remaining locations listed are those of Tiger Industrial's "sister" companies. (Doc. 21-1 at pp. 25-27, 34-40.) According to Mr. Mouton, Tiger Industrial listed these "sister" locations on it website and in its advertising materials "to encourage clients who may be in that area to call us." (Doc. 21-1 at p. 27.)

12

Louisiana Secretary of State (Doc. 21-1 at pp. 12-13); (7) paying Louisiana state taxes (Doc. 21-1 at p. 60); and (8) regularly attending LAGCOE, which is a trade show held biannually in Lafayette (Doc. 21-1 at p. 48). Tiger Industrial counters that such contacts are insufficient to establish general jurisdiction in that they simply reflect doing business in Louisiana, which falls short of the "exceptional case" referenced in *Daimler*. (Doc. 24 at p. 3.)

As discussed above, *Daimler* established the stringent requirements for general jurisdiction, and the factual scenario presented in that case guides the analysis of the instant case. In *Daimler*, the defendant was a German Corporation sued in California. *Daimler*, 134 S. Ct. at 750-51. The plaintiffs sought to assert general jurisdiction over defendant Daimler based on alleged "substantial, continuous, and systematic" contacts in California of one of Daimler's subsidiaries. *Id.* at 751. The contacts in California included: (1) MBUSA (which was the exclusive importer and distributor of Daimler's vehicles in the United States); (2) multiple California-based facilities including a regional office, a Vehicle Preparation Center, and a Classic Center; and (3) ten percent of the subsidiary's United States' sales and 2.4% of Daimler's worldwide sales. *Id.* at 752. The Supreme Court held that these contacts with California, even if deemed to be "continuous" and "systematic," did not make

Daimler "at home" in California such that general jurisdiction was present. *Id.* at 761-62.

Likewise, Tiger Industrial's contacts with Louisiana, as detailed by Mercury Rents, are not so "continuous and systematic" as to render Tiger Industrial essentially "at home" in Louisiana. Tiger Industrial is a Texas Company with its principal place of business in Beaumont, Texas. As Mr. Mouton attests in his affidavit, "[m]ost of Tiger Industrial's business is conducted in Texas and it conducts business in other states besides Texas and Louisiana and even in other countries." (Doc. 21-1 at p. 120.) The evidence presented by Mercury Rents establishes, at best, that Tiger Industrial engages in significant business with Louisiana, but that its overall affiliations with the State of Louisiana fall short of the extremely high bar required by *Daimler* to establish general jurisdiction. *See Daimler*, 134 S. Ct. at 760 (rejecting argument that a corporation is at home "in every state in which [it] engages in a substantial, continuous, and systematic course of business"); *Namer v. Bank of America, N.A.*, No. 15-3130, 2016 WL 1089352, at *3-4 (E.D. La. Mar. 21, 2016) (concluding that Bank of America's contacts with Louisiana–which included providing business and home modification loans and investing in the state's economy–do not give rise to general jurisdiction under the "exacting requirements" set forth in *Daimler*); *Long v. Patton Hospitality Management, LLC*, No. 15-2213,

2016 WL 760780, at *4-6 (E.D. La. Feb. 26, 2016) (concluding that the defendant's contacts with Louisiana–which included registering to do business in the state, maintaining a registered agent for service, managing a property in the state, paying state and property taxes, and employing nine individuals in the state–failed to show that the defendant was "at home" in Louisiana under *Daimler*).

Mercury Rents has failed to scale *Daimler's* "incredibly difficult" hurdle in attempting to establish general jurisdiction over Tiger Industrial, a company incorporated and having a principal place of business in a state other than Louisiana. *See Monkton Ins. Servs.*, 768 F.3d at 432. The undersigned, therefore, concludes that Mercury Rents has failed to make a *prima facie* showing for the Court to exercise general jurisdiction over Tiger Industrial. Because the Court lacks personal jurisdiction over Tiger Industrial, this action is subject to dismissal under Rule 12(b)(2).

C. *Motion to Dismiss for Improper Venue*

Rule 12(b)(3) authorizes a defendant to move for dismissal due to improper venue. Dismissal for improper venue is governed by 28 U.S.C. § 1406. Under this statute, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer

15

such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

When challenged, the plaintiff bears the burden to establish that the district he chose is a proper venue. *See Vaughn Medical Equipment Repair Service, LLC v. Jordan Reses Supply Co.*, No. 10-00124, 2010 WL 3488244, at *4 (E.D. La. Aug. 26, 2010). *See also Advanced Dynamics Corp. v. Mitech Corp.*, 729 F. Supp. 519 (N.D. Tex. 1990) ("When an objection to venue has been raised, it is the Plaintiff's burden to establish that venue is proper in the judicial district in which the action has been brought ."). In deciding a Rule 12(b)(3) motion, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Services, Co. v. Modec (USA), Inc.*, 240 F. App'x. 612, 615 (5th Cir. 2007). The court may consider extrinsic evidence—including affidavits and other evidentiary materials— in determining whether venue is proper. *Ambraco Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

Venue in this case, where federal jurisdiction is founded solely on diversity of citizenship, is dictated by 28 U.S.C. § 1391(b). This statute provides that a civil action may be brought in the following:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which the action may otherwise be brought as provided in this subsection, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Venue is not proper under either § 1391(b)(1) or 1391(b)(3). Tiger Industrial, the sole defendant in this case, is not a resident of Louisiana. Furthermore, as discussed above, Tiger Industrial is not subject to this Court's personal jurisdiction, and this action could have been brought in the Eastern District of Texas.

With regard to § 1391(b)(2), "the focus of the 'substantial part of events' inquiry is on the actions or omissions of the defendant, not on where the plaintiff later feels the economic effects of the injury." *Gray Cas. and Sur. Co. v. Lebas*, No. 12-2709, 2013 WL 74351, at *2 (E.D. La. Jan. 7, 2013). In this case, the substantial events occurred in Texas, where the equipment was delivered to Tiger Industrial and where the equipment was possesses and used. The fact that Mercury Rents resides in this district and has suffered economic consequences as a result of Tiger

Industrial's alleged acts or omissions is not an event for purposes of establishing venue. *See Gray Cas.*, 2013 WL 74351 at *3.

Mercury Rents, therefore, cannot establish that venue is proper in this district. Pursuant to § 1406, the Court finds that dismissal of this action is appropriate. Tiger Industrial specifically seeks dismissal of this action under Rules 12(b)(2) and 12(b)(3). Mercury Rents, in turn, has not consented to a transfer of this case should the Court determine that it lacks personal jurisdiction over Tiger Industrial and that venue is improper. Accordingly, Tiger Industrial's Motion to Dismiss (Doc. 8) should be granted.

## *IV. Conclusion*

Based on the foregoing reasons, the undersigned RECOMMENDS that Tiger Industrial's Motion to Dismiss (Doc. 8) be GRANTED for lack of personal jurisdiction and improper venue, that Tiger Industrial's Motion to Transfer Venue (Doc. 8) be DENIED as MOOT, and that Mercury Rent's Motion for Leave to File First Supplemental, Amended, and Restated Complaint (Doc. 19) be DENIED on the basis that it would be futile.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within FOURTEEN (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 13th day of April, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE