# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

**MERCURY RENTS, INC.**          **CIVIL ACTION NO. 16-1741**

**VERSUS**                        **JUDGE ROBERT G. JAMES**

**CRENSHAW ENTERPRISES LTD.**    **MAG. JUDGE CAROL B. WHITEHURST**
**d/b/a TIGER INDUSTRIAL RENTALS**

# RULING

Pending before the Court are a Motion to Dismiss, or Alternatively, Motion to Transfer Venue [Doc. No. 8] filed by Defendant Crenshaw Enterprises, LLC, d/b/a Tiger Industrial Rentals ("Tiger Industrial") and a Motion for Leave to File First Supplemental, Amended, and Restated Complaint [Doc. No. 19] filed by Plaintiff Mercury Rents, Inc. ("Mercury Rents").

After full briefing, on April 13, 2017, Magistrate Judge Carol B. Whitehurst issued a Report and Recommendation [Doc. No. 29] in which she recommended that the Court grant Tiger Industrial's Motion to Dismiss, deny Tiger Industrial's Motion to Transfer Venue as moot, and deny Mercury Rents' Motion to Amend Complaint.

On May 1, 2017, Mercury Rents filed objections [Doc. No. 30] to the Report and Recommendation. On May 15, 2017, Tiger Industrial filed a response [Doc. No. 31] to Mercury Rents' objections.

Having fully reviewed the record in this matter, including Mercury Rents' objections and Tiger Industrial's responses, the Court finds that Magistrate Judge Whitehurst correctly stated and applied the law and hereby ADOPTS the Report and Recommendation. The Court issues this Ruling to consider one argument which does not appear to be addressed in the Report and Recommendation:

whether Tiger Industrial consented to jurisdiction.

Mercury Rents objects to the Report and Recommendation because Magistrate Judge Whitehurst failed to consider whether Tiger Industrial's pervasive contacts with Louisiana show it has consented to jurisdiction in Louisiana. [Doc. No. 30-1, p. 17].[1] First, Mercury Rents argues that the Louisiana Supreme Court held that a defendant consents to jurisdiction by registering to do business in the forum. *Id.* at 18; *see Phillips Petroleum Co. v. OKC Ltd.*, 634 So.2d 1186 (La. 1994). However, as at least one other district court has noted, that proposition comes from "*dicta* from *Phillips*, and a Louisiana appellate court has noted that the registration statute should not be read so broadly." *Gulf Coast Bank v. Designed Conveyor Sys., LLC*, CV 16-412-JJB-RLB, 2017 WL 120645, at *3 (M.D. La. Jan. 12, 2017). The Court agrees with Magistrate Judge Whitehurst, registering to do business in a forum State does not establish general jurisdiction. *Id.*(citing *Wenche Siemer v. The Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992) (finding no authority to support "the proposition that the appointment of an agent for process and the registration to do business within the state, without more, suffices to satisfy the criteria for the exercise of general jurisdiction")). The Court disagrees with Mercury Rents' assertion that a defendant consents to jurisdiction by registering to do business in the forum.

Next, Mercury Rents contends that the United States Court of Appeals for the Fifth Circuit found that a defendant voluntarily subjected itself to process in the forum state by registering to do business, appointing a registered agent, and actually doing business in the forum state. [Doc. No. 30-1, p. 18 (citing *Cowan v. Ford Motor Co.*, 694 F.2d 104 (5th Cir. 1982))]. Although, *Cowan* does

---

[1]The Court notes that this argument was not alleged by Mercury Rents until its opposition to Judge Whitehurst's Report and Recommendation. [Doc. No. 30].

not control the issue in this matter, as that case was decided prior to *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984), where the distinction between specific personal jurisdiction and general personal jurisdiction was first adopted. Thus, the *Cowan* Court did not address that general personal jurisdiction requires "continuous and systematic general business contacts." *Id.* at 416.

Further, in *Siemer*, the Fifth Circuit held that registration specifically to do business in the forum State and the appointment of an agent for service of process was "of no special weight in evaluating general personal jurisdiction." 966 F.2d at 181. Instead, "a foreign corporation that properly complies with the [State] Registration statute only consents to personal jurisdiction where such jurisdiction is constitutionally permissible." *Id.* at 183. Having found that jurisdiction in this instance is not constitutionally permissible, the Court lacks personal jurisdiction over Tiger Industrial.

Accordingly, for the foregoing reasons and those set forth in Magistrate Judge Whitehurst's Report and Recommendation, the Motion to Dismiss, or Alternatively, Motion to Transfer Venue [Doc. No. 8] filed by Defendant Tiger Industrial is GRANTED IN PART AND DENIED IN PART. To the extent that the motion seeks to dismiss the action for lack of personal jurisdiction, the motion is GRANTED, and Mercury Rents' claims against Tiger Industrial are hereby DISMISSED WITH PREJUDICE. To the extent the motion seeks to transfer venue, the motion is DENIED as MOOT. Further, the Motion for Leave to File First Supplemental, Amended, and Restated Complaint [Doc. No. 19] filed by Mercury Rents is DENIED.

MONROE, LOUISIANA, this 30th day of May, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE